# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| CHARLES A. HAYES III | : CASE NO. 5-18--bk-04040 |
| Debtor(s) | : ____ ORIGINAL PLAN |
| | : _X_ **FIRST AMENDED PLAN** |
| | : (indicate 1st, 2nd 3rd, etc) |
| | : ____ Number of Motions to Avoid Liens |
| | : ____ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ■ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E. which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments From Future Income</u>

    1. To date, the Debtor paid $_0_ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base

1

plan is $ _see "Total Payments" in chart below_ plus other payments and property stated in § 1B below:

| Start mm/yy | End Mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1/2019 | 6/2020 | $ 0 | $0 | $ 0 | $ 0 |
| 7/2020 | 12/2021 | $ 200.00 | $0 | $ 200.00 | $ 3,600.00 |
| 1/2022 | 12/2023 | $ 475.00 | $0 | $ 475.00 | $ 11,400.00 |
| | | | | Total Payments: | $ 15,000.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( X ) Debtor is at or under median income. _If this line is checked, the rest of §1.A.4 need not be completed or reproduced._

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ _196,391.91_ . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines:

_____ No assets will be liquidated. _If this line is checked, the rest of § 1.B need not be completed or reproduced._

\_\_X\_\_ Certain assets will be liquidated as follows: **SEE §9(A) for details**

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $\_\_from the sale of property known and designated as \_\_. All sales shall be completed by \_\_, 20\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows: \_\_\_\_\_

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:_____

2

## 2. SECURED CLAIMS

### A. Pre-Confirmation Distributions. *Check one:*

__X__ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

### B. Mortgages (including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one*

_____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

__X__ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account # |
|---|---|---|
| **DEUTSCHE BANK** National Trust Company as Trustee In trust for registered holders of Long Beach Mortgage Loan Trust 2005-WL1 Asset-Backed Certificates, Series 2005-WL1 (*Serviced by Select Portfolio Servicing, Inc*) (referred to in plan as "DEUTSCHE BANK") -**being paid per postpetition loan modification** | 84 Elizabeth St, Dallas, PA | 1974 |

### C. Arrears (including but not limited to, claims secured by Debtor's principal residence). *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

### D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc)

__X__ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced*

### E. Secured claims for which a §506 valuation is applicable. *Check one*

__X__ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

### F. Surrender of Collateral: *Check one*

_____ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

__X__ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan, the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **LUZERNE COUNTY TAX CLAIM BUREAU & WVSA** | 125-133 E Main St, Glen Lyon, Newport Twp, PA (property being transferred per Court order of 3/9/ 2020 to the Township of Newport) |

3

G. <u>Lien Avoidance.</u> Do not use for mortgages or for statutory liens, such as tax liens *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS**

   A. <u>Administrative Claims</u>

   1. <u>Trustee Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney fees.</u> Complete only one of the following options:
      a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ _285.00_ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R.. 2016-2(b).

   3. <u>Other</u> Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check one of the following two lines:*

      __X__ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. <u>Priority Claims (including but not limited to, Domestic Support Obligations other than those treated in §3.C below.</u> *Check one of the following two lines:*

   ____ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   __X__ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9

   | Name of Creditor | Estimated Total Payment |
   |---|---|
   | Support creditor | $0 Support is paid directly and is not paid through the plan. |
   | **PA DEPARTMENT OF REVENUE** | **$ 1,059.00** (priority claim of $ 982.48 plus interest) |
   | **INTERNAL REVENUE SERVICE** | **$ 1,320.00** (priority claim of $1,224.49 plus interest) |

   C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).</u> *Check one of the following two lines:*

   __X__ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4

## 4. UNSECURED CLAIMS

**A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>** Check one of the following two lines:

__X__ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B. Remaining allowed unsecured claims will receive a pro-rate distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines:*

_____ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

__X__ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| JUNE B. HAYES | Lease Purchase agreement for real property at 78 Wyoming Ave, Dallas, PA and adjacent lot. | $ | % | $ | $ 0 | ASSUME |
| CHARLES HAYES JR | Lease of Elizabeth St property for storage | | | | $0 | ASSUME |

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

_____ plan confirmation.
__X__ entry of discharge.
_____ closing of case.

## 7. DISCHARGE (Check One)

( **X** ) The debtor will seek a discharge pursuant to §1328(a).

(   ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in §1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority, or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

5

Payments from the plan will be made by the Trustee in the following order:
Level 1: <u>Debtor's attorney fees</u>
Level 2: <u>Priority claims, pro rata</u>
Level 3: <u>Timely filed general unsecured claims, pro rata</u>
Level 4: <u>Luzerne County Tax Claim Bur proof of claim #11 (Coal St lot)</u>
Level 5: <u>Luzerne County Tax Claim Bur proof of claim #9 (54 Elizabeth St Dallas)</u>
Level 6: <u>Luzerne County Tax Claim Bur proof of claim #14 (lot adj to 84 Eliz St Dallas)</u>
Level 7: <u>Untimely filed general unsecured claims to which the Debtor has not objected.</u>
Level 8: _____

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   Timely filed general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

*Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit)*

### A. SALE OF CERTAIN PROPERTY AND DISTRIBUTION OF PROCEEDS

**i. The Debtor is initially listing the following parcels of real property for sale:**

- **137 Elizabeth St, Pittston, PA**
- **436 North Main St, Wilkes Barre, PA**
- **295 Carey Ave, Wilkes Barre, PA**

**ii. When a purchaser is found for any parcel, the Debtor will seek Bankruptcy Court approval for the sale.**

**iii. At closing, the Debtor will pay all real estate tax liens related to such property, as customarily prorated through date of sale, to the LUZERNE COUNTY TAX CLAIM BUREAU and local tax collector; any mortgage liens or municipal liens on the parcel; realtor's commission if any, and customary expenses of sale. All nonexempt net proceeds will be paid into the Chapter 13 Plan.**

**iv. If the plan is fully paid by the sale of less than all parcels listed in A(i) above, the plan will end at the time the plan is fully paid without the need to sell additional parcels.**

**v. If any property is not sold prior to January 2023, relief will be granted to allow the secured creditors to exercise their respective rights against such unsold property.**

6
Case 5:18-bk-04040-RNO    Doc 77    Filed 07/29/20    Entered 07/29/20 14:33:44    Desc
Main Document    Page 6 of 7

B. This plan will pay 100% to allowed general unsecured creditors.

C. The following claims of the LUZERNE COUNTY TAX CLAIM BUREAU are being paid in the plan in the priority levels as indicated in section 8 above from monthly payments and sale proceeds:

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| LUZERNE COUNTY TAX CLAIM BUREAU | Claim #11 Coal St lot | $ 193.11 | 9% | $ 240.60 |
| LUZERNE COUNTY TAX CLAIM BUREAU | Claim #9 (54 Elizabeth St Dallas) | $ 11,994.03 | 9% | $ 14,938.80 |
| LUZERNE COUNTY TAX CLAIM BUREAU | Claim #14 (lot adj to 84 Eliz St Dallas) | $ 2,505.02 | 9% | $ 3,120.00 |

D. The Debtor has entered into a post-petition loan modification agreement with DEUTSCHE BANK regarding property located at 84 Elizabeth St, Dallas, PA and will continue paying the loan according to the modified terms.

E. The Debtor is attempting to negotiate loan modifications, forbearance agreements, payment plans, settlement, or deeds in lieu of foreclosure with lenders with mortgages on the following properties. If an agreement is reached, it will supersede the treatment of the mortgagees elsewhere in this plan:

- 52 Govier St, Dallas, PA (SELECT PORTFOLIO, servicer for Deutsche Bank)

- 198-200 Jackson St, Edwardsville, PA (BAYVIEW LOAN SERVICING, LLC)

F. The Debtor has filed objections to proofs of Claim #1 of Cavalry Investments, LLC and #2 of Cavalry SPV I, LLC asking that they be disallowed in full.

G. Because they are of nominal value, the Debtor may sell or scrap any of his vehicles without requiring notice to creditors or approval of the bankruptcy court.

Dated: 7-29-2020

_____
Attorney for Debtor

_____
Charles A. Hayes III

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

7